Baldwin, J.
Plaintiff, as administrator of John M. Pomeroy, applied to-the Probate Court of Lorain County, by which he was appointed, for authority to sell the real estate of the decedent situated in Wood County, Ohio, to paj' debts and legacies of the estate. By record there was a defect in the chain of title of decedent. It was claimed by plaintiff that a deed to decedent’s grantor, Hiram Abbott, made by Seth C. Doan and Rebecca B. Doan, was lost before recording. Seth C. Doan executed a quit-claim, but the heirs of Rebecca B. Doan, deceased,, denied the title of decedent, and claimed themselves to be the owners of the land, they having been made parties defendant. They also denied the jurisdiction of the probate court to try the issues, and desired the case dismissed as to them.
The probate court proceeded to try the case, and decided it in favor of the administrator. The defendants, Doans, filed a. *9 petition in error in the court of common pleas, which reversed the judgment of the probate court on the ground that it had no jurisdiction in such a suit of such an issue. Ttie present is a petition in error to reverse the judgment of the court of common pleas.
It is argued before us that the probate court had no jurisdiction, as against defendants, deriving title to the land independently of and adversely to the plaintiff’s rights.
In former practice a proceeding to sell lands in the probate court was a special proceeding. There is still in the statutes a wide distinction between a special proceeding and a civil action, a distinction frequently discussed in questions of appeal. In our present statute, section 6137, it is provided, “ In order to obtain such authority” (to sell land) “the executor or administrator shall commence a civil action in the probate court or the court of common pleas of either the county in which the real estate of the deceased, or any part thereof, is situated, or of the county in which were issued the letters testamentary or of administration.”
What a civil action is appears in section 4971 Revised Statutes, which provides, “There shall be but one form oí action, which shall be known as a civil action.”
This suit being properly in the probate court and being a civil action, what powers, what jurisdiction has the court in that action? Revised Statues section 525, providing that the probate court shall have concurrent jurisdiction in the sale of lands by executors and administrators, is followed by section 537, which provides that, in the exercise of the jurisdiction conferred, the probate judge shall have the same powers, perform the same duties, and be governed by the same rules and regulations as are provided by law for the courts of common pleas, or the judge thereof in vacation, so far as the same are .consistent with the laws in force.”
Revised Statutes section 6411 provides, “The provisions of law governing civil proceedings in the court of common pleas, shall so far as applicable govern like proceedings in the probate court where there is no provision on the subject in this title.”
*10 It seems as if the case before us comes under the very letter of this statute. Having gotten thus far that this civil action in the probate court is. to be governed by the same provisions of law that would govern it in the common pleas, we are next to ascertain what these provisions of law are. It is claimed that section 6142 provides what persons and who only can be made parties. That section is as follows : “ In such action the widow of the deceased and the heirs, devisees or persons having the next estate of inheritance from the deceased, and all mortgagees and other lien holders, whether by judgment or otherwise on any of the lands sought to be sold, and all trustees holding the legal title thereto or to any part thereof, and when a fraudulent conveyance is sought to be set aside in such action, all persons claiming thereunder shall be made parties.”
This is a provision as to what parties are necessary, it is so headed, but we do not think it forbids to make other persons parties, but it provides that under all circumstances these shall be'made parties.
It is noted that if such is the construction of this section, it attaches to section 6137, and applies to the common pleas as well as to the probate court. Speers v. Coon 44 O. S. 501.
Unde'r the provisions of the code, section 5006 governs in the common pleas, and by sections 537,6137 and 6411 in the probate court as well.
It hardly needs argument to show that in the common pleas the administrator, who says this property was owned and possessed by John M. Pomeroy, and seeks to sell it, and the defendants denying that, have interests exactly adverse to each other, and we think they were proper parties defendant in this civil action in the probate court.
If the land had been sold and delivered; if all the plaintiff's pleadings had been true save that these heirs still held the legal title, they would be trustees of that title for the estate of Pomeroy, and would even come under the section 6142 as necessary parties to the suit.
We think the legislature by the provisions we have cited intended to carryout what in 44 Ohio St. 501 is said to be the settled policy of our statute, “ To so offer the land as to transfer it to the purchaser with a good title, that an advantageous *11 sale inay be made, instead of offering it as a law suit for what can be obtained from those who may be disposed to invest in litigation,” and has conferred jurisdiction upon the probate court to hear and determine the issues made in these pleadings relating to the title of the land sought to be sold by the administrator.
J. C. Hale, W. B. Bedortha and E. G. Johnson, for plaintiff in error.
C. W Everett and McLean & Ingersoll, for defendants in error.
The case of Wood v. Butler, 25 Ohio St. 520, was an action before the revision of the statutes, in the common pleas court, where it was held improper to contest the title with parties other than the widow and heirs, because it plainly appeared that the debts were all paid, that there was no necessity to sell the land, and that the proceeding was colorable merely, and for that reason an abuseof the proceedings of the statute.
It would seem a fair inference that if the administrator in that action had made a good case in other respects, the contest as to title would have been allowed.
There is no such trouble in the case before us, and although there was an exception to the weight of the evidence, that exception was not insisted on before us.
On examining the record, we think the probate court decided the case correctly, both as to the law and the facts. The judgment of the court of common pleas is therefore reversed, and that of the probate court is affirmed.